**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nelda Baggett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 5330 |
| | ) | |
| GC Services Limited Partnership, a | ) | |
| Delaware limited partnership, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Nelda Baggett, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Nelda Baggett ("Baggett"), is a citizen of the State of Louisiana

from whom Defendant continued to attempt to collect a delinquent consumer debt she

allegedly owed to Nissan Motor Acceptance, despite the fact that she had demanded,

through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4.      Defendant, GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  GC Services operates a nationwide debt collection business, including through its offices located in Elgin, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  See, printout form GC Services website, attached as Exhibit A.  Moreover, GC Services was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Baggett.

5.      Defendant GC Services is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit B.  In fact, GC Services conducts business in Illinois.

6.      Moreover, Defendant GC Services is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C.  In fact, GC Services acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7.      Ms. Baggett is a disabled woman, with limited assets and income, who fell behind on paying her bills.  When Defendant GC Services began trying to collect a delinquent Nissan Motor Acceptance debt from Ms. Baggett, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant GC Services' collection actions.

2

8.      On April 12, 2010, one of Ms. Baggett's attorneys at LASPD informed GC Services, in writing, that Ms. Baggett was represented by counsel, and directed GC Services to cease contacting her, and to cease all further collection activities because Ms. Baggett was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Nonetheless, on April 23, 2010, Defendant GC Services sent a collection letter, directly to Ms. Baggett, demanding payment of the Nissan Motor debt.  A copy of this letter is attached as Exhibit E.

10.     Accordingly, on June 10, 2010, one of Ms. Baggett's LASPD attorneys again wrote to Defendant, to demand that GC Services cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11.     All of Defendant GC Services' collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant GC Services' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

3

15.     Here, the letter from Ms. Baggett's agent, LASPD, told Defendant GC
Services to cease communications and cease collections (Exhibit D).  By continuing to
communicate regarding this debt and demanding payment, Defendant GC Services
violated § 1692c(c) of the FDCPA.

16.     Defendant GC Services' violation of § 1692c(c) of the FDCPA renders it
liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §
1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from
communicating with a consumer if the debt collector knows the consumer is
represented by an attorney with respect to such debt and has knowledge of, or can
readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant GC Services knew that Ms. Baggett was represented by
counsel in connection with her debts because her attorneys at LASPD had informed
Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed
Defendant GC Services to cease directly communicating with Ms. Baggett.  By directly
sending Ms. Baggett the collection letter (Exhibit E), despite being advised that she was
represented by counsel, Defendant GC Services violated § 1692c(a)(2) of the FDCPA.

20.     Defendant GC Services' violation of § 1692c(a)(2) of the FDCPA renders it
liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §
1692k.

**PRAYER FOR RELIEF**

Plaintiff, Nelda Baggett, prays that this Court:

1.       Find that Defendant GC Services' debt collection actions violated the

FDCPA;

2.       Enter judgment in favor of Plaintiff Baggett, and against Defendant GC

Services, for statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.       Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Nelda Baggett, demands trial by jury.

Nelda Baggett,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 24, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com